UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANIEL NOTARO,

         Plaintiff,  **16-cv-00603**

               **DECISION AND ORDER**

    -vs-

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

         Defendant.
_____

## I. Introduction

Represented by counsel, Daniel Notaro ("plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security[1] ("defendant" or "the Commissioner") denying his application for disability insurance benefits ("DIB"). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion is granted to the extent that the matter is remanded for further administrative proceedings and defendant's motion is denied.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## II. Procedural History

Plaintiff filed an application for DIB in March 2013, alleging disability due to major bipolar disorder, anxiety, and posttraumatic stress disorder (PTSD), with an alleged onset date of January 14, 2013. Administrative Transcript ("T.") 132-33, 146, 149. Plaintiff's application was denied on July 16, 2013, T. 79-82, and he timely requested a hearing before an administrative law judge ("ALJ"). T. 83-84. ALJ Robert T. Harvey held a hearing on January 14, 2015. T. 27-64. On March 31, 2015, ALJ Harvey issue a decision in which he found plaintiff was not disabled as defined in the Act. T. 12-22. The Appeals Council denied plaintiff's request for review on May 24, 2016. T. 1-3. This action followed.

The Court assumes the parties' familiarity with the facts of this case, which will not be repeated here. The Court will discuss the record further below as necessary to the resolution of the parties' contentions.

## III. The ALJ's Decision

Initially, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2018. T. 14. At step one of the five-step sequential evaluation, *see* 20 C.F.R. § 404.1520, the ALJ found that plaintiff had not engaged in substantial gainful activity since January 14, 2013, the alleged onset date. *Id*. At step two, the ALJ found that plaintiff had the severe impairments of bipolar disorder and drug abuse. *Id*. At

2

step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. T. 14-16. Before proceeding to step four, the ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform all exertional activities consistent with the broad world of work (SSR 83-10) which includes "all exertional levels." T. 16-20. The ALJ added the following non-exertional limitations: 1) cannot work in areas with unprotected heights, or with heavy, moving or dangerous machinery; 2) cannot climb ropes, ladders or scaffolds; and 3) occasional limitations in the ability to interact approp1iately with the general public, dealing with stress, and in the ability to respond appropriately to changes in work setting. T. 16. At step four, the ALJ found that plaintiff was unable to perform any past relevant work. T. 20. At step five, the ALJ found, considering plaintiff's age, education, work experience, and RFC, there are jobs that plaintiff can perform that exist in significant numbers in the national economy. T. 21-22. Accordingly, the ALJ found that plaintiff was not disabled. T. 22.

**IV. Scope of Review**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).

3

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**V. Discussion**

Here, plaintiff makes the following arguments in support of his motion for judgment on the pleadings: 1) the ALJ failed to assess all of plaintiff's alleged impairments, and 2) the ALJ failed to properly consider listing 12.04.

**A. Failure to Consider Certain Medically Determinable Impairments**

Plaintiff argues that the ALJ improperly failed to evaluate the severity of plaintiff's medically determinable impairments of PTSD, personality disorder, and anxiety. The Court agrees.

The record clearly indicates that plaintiff was variously diagnosed with several distinct mental health impairments including anxiety, personality disorder, and PTSD. Between 2012 and February 2014, plaintiff was treated at Horizon Village for, among other things, his "long history of anxiety" and "axis 2 personality traits including a history of splitting behaviors between providers, maladaptive coping mechanisms and active attachment with people he interacts with on a daily basis." T. 289. On

4

December 31, 2013, while Plaintiff was being treated by Horizon, Family Nurse Practitioner Carolyn DiFonzo observed that plaintiff had appropriate mood and affect, but was "seeing a psych regularly" for "bipolar/PTSD." T. 268. On October 8, 2014, Dr. Anandavalli Menon placed plaintiff on "Zoloft 50 mg daily to help with depression and anxiety." T. 285. On January 5,2015, Dr. Jacqueline Santoro of Industrial Medicine Associates, P.C., performed a psychiatric evaluation of plaintiff indicating that, as to plaintiff's recent and remote memory skills, he was "mildly impaired due to emotional distress, related to anxiety." T. 318.

However, the ALJ found only that plaintiff's bipolar disorder and drug abuse were severe at step two and "sufficiently documented in the record, and for sufficient length, so as to meet the minimal standard." T. 14. However, he did not consider plaintiff's various other mental health diagnoses, even as nonsevere impairments.

The Commissioner cites the well-established rule that generally, "an error in an ALJ's severity assessment with regard to a given impairment is harmless...when it is clear that the ALJ considered the claimant's [impairments] and their effect on his or her ability to work during the balance of the sequential evaluation process." *Diakogiannis v. Astrue*, 975 F. Supp. 2d 299, 311-12 (W.D.N.Y. 2013) (internal quotation marks and citations omitted); *see Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. May 2,

5

2013) (error harmless where during subsequent steps ALJ specifically considered other impairments). Here, however, the ALJ's decision demonstrates that he failed to consider the medical evidence of anxiety, PTSD, and personality disorder at step two, and PTSD and personality disorder at step three.

Consequently, I find that the ALJ failed to consider the "combined impact of [plaintiff's medically-determinable] impairments . . . throughout the disability determination process." 20 C.F.R. 404.1523; *see Bigwarfe v. Comm'r Of Soc. Sec.*, 2008 WL 4518737, at *6 (N.D.N.Y. Sept. 30, 2008) ("Where a claimant alleges multiple impairments, the combined effects of all impairments must be considered, regardless of whether any impairment, if considered separately, would be of sufficient severity.").

The ALJ's failure to consider plaintiff's various other mental health diagnoses at steps two and three constituted reversible error, because a full consideration of plaintiff's anxiety, PTSD, and personality disorder could have affected the outcome of his application. *See, e.g., Childs v. Colvin*, 2016 WL 1127801, at *4 (W.D.N.Y. Mar. 23, 2016) (failure to consider plaintiff's schizoaffective disorder at steps two and three was reversible error); *Elliott v. Comm'r of Soc. Sec.*, 2011 WL 1299623, *4 (D. Or. Mar. 31, 2011) ("The general proposition that failures at step two may be harmless if the ALJ discusses the impairments and assesses limitations as a result of that impairment, . . . underscores the significance of the error in this case – the ALJ failed to

6

adequately discuss the impairments at issue, and a determination as to whether plaintiff's limitations were fully assessed in connection with these impairments is impossible to ascertain."). For example, the ALJ's step two error prejudiced plaintiff at step three, where he failed to consider Listings 12.06 (Anxiety and obsessive-compulsive disorders), 12.08 (personality and impulse-control disorders), and 12.15 (Trauma - and stressor-related disorders). *See Childs*, 2016 WL 1127801, at *4 (step two error prejudiced plaintiff at step three where Listing 12.03 not considered).

Therefore, on remand, the ALJ is to consider each of plaintiff's mental health impairments, and determine, at step two, whether each impairment is severe or nonsevere based upon the medical record evidence. The ALJ is then required to complete the balance of the sequential evaluation process with due consideration to all of plaintiff's limitations, whether stemming from severe impairments or not. *See, e.g.*, *Palmer v. Colvin*, 2016 WL 7169327, at *6 (W.D.N.Y. Dec. 9, 2016).

**B. The Court Declines to Reach Plaintiff's Remaining Argument**

Having found remand necessary, the Court declines to address plaintiff's argument that the ALJ failed to properly consider Listing 12.04. On remand, the Commissioner should revisit his determinations at step three after assessing the full measure of plaintiff's mental impairments throughout the five-step analysis.

## VI. Conclusion

For the foregoing reasons, plaintiff's motion for judgment on the pleadings(Docket No. 11) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Docket No. 16) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated: September 29, 2017
Rochester, New York.